JUL 25 2002

CV 00 00949 #00000057

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL L. WASHINGTON,

Plaintiff,

v.

IDA CASTRO, CHAIRWOMAN OF THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Defendant.

No. C00-0949L

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant's "Motion for Summary Judgment." Plaintiff, an investigator at the Seattle, Washington District Office of the Equal Employment Opportunity Commission ("EEOC"), filed this action against his employer alleging that defendant discriminated against him because of his sex and race and retaliated against him for raising allegations of discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. In ruling on an earlier motion for summary judgment, the Court dismissed all claims arising prior to April 14, 1999, for failure to exhaust administrative remedies. The Court also granted summary judgment on many of plaintiff's claims of disparate treatment and retaliation. In light of plaintiff's difficulties in obtaining discovery from





defendant, however,[1] the Court denied defendant's request for summary judgment as to following issues:

(1) Did defendant decrease the number of days plaintiff could work at home because of his race and/or sex?

(2) Did defendant place limitations on plaintiff's ability to conciliate cases because of his race and/or sex?

(3) Did defendant decrease plaintiff's flexiplace hours, scrutinize his work to a harassing extent, and preclude him from conciliating cases in order to punish plaintiff for protected activity?

Defendant seeks judgment on these three claims, arguing that plaintiff, who is now in possession of all of the discovery ordered by the Court, cannot produce evidence from which an inference of discrimination or retaliation could arise.[2] Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d

---

[1] For purposes of the first summary judgment motion, the Court assumed that, if there were any chance that materials relevant to a particular claim would be found in the files and documents requested by plaintiff during discovery, such materials would support plaintiff's case. The Court also assumed that plaintiff had exhausted his administrative remedies with regards to the six allegations raised in plaintiff's September 1, 1999, EEO Complaint.

[2] After the parties had fully briefed this motion, the Court granted plaintiff's request for reconsideration and reinstated his claim that defendant treated him differently because of his race and/or sex by repeatedly inquiring about the status of plaintiff's cases. That claim is not at issue in this motion.

1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy, 68 F.3d at 1221.

In response to defendant's motion, plaintiff provides a rather confusing collection of unsupported assertions and unauthenticated documents, many of which involve events which occurred prior to April 14, 1999. Because it is difficult to separate the conclusory statements and conjecture in plaintiff's memoranda from the evidence submitted in support of his claims, the Court has scrutinized each of the documents presented by plaintiff to determine whether he has met his burden of showing that the employer's conduct, if left unexplained, gives rise to an inference of discrimination and/or retaliation. See, e.g., Furnco Constr. Corp. v. Waters, 438 U.S. 567, 575 (1978); Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994).

**1. Do defendant's conduct in decreasing the number of days plaintiff could work at home and the evidence provided by plaintiff give rise to an inference that it is more likely than not that such conduct was based on discriminatory criterion?**

The evidence submitted by the parties shows that plaintiff was prohibited from working at home between October 26, 2000, and November 16, 2000, after he responded to an all-employee request for information regarding outside employment activities. Plaintiff's Opposition, Exhibits 21 and 26. Plaintiff informed the EEOC that he owned and operated a computer sales, repair, and assembly facility just down the street from his home. His work-at-home authorization was cancelled for three weeks, but the schedule was restored after EEOC Headquarters had a chance to assess the potential conflicts between plaintiff's computer business and the Commission's activities. Plaintiff asserts that his removal from the work-at-home schedule was discriminatory. This claim was not raised in the administrative process: plaintiff's

EEO complaint (and the Complaint filed in the above-captioned matter) challenged defendant's 1999 decision to reduce the number of days plaintiff could work at home from two days per week to one day per week. Having failed to exhaust his administrative remedies regarding his temporary removal from the work-at-home schedule in late 2000, plaintiff cannot now assert claims arising from that event.

As to plaintiff's original claim that his flexiplace hours were reduced as a result of race and/or sex discrimination, defendant has provided evidence that the number of days employees could work at home was reduced from two to one per week on an office-wide basis. Decl. of Judith Cotner at ¶ 9 (filed 1/4/02). Plaintiff has not offered any evidence to refute the testimony regarding an office-wide policy change and, in fact, fails to mention this claim in his opposition papers. The only inference supported by the record is that employees of various races and sexes had their flexiplace schedule altered in the spring of 1999, that most of plaintiff's co-workers had their flexiplace time reduced, and that plaintiff does not have any evidence that these alterations were discriminatory or anything other than the result of a generally applicable change in policy. Washington Dep. Tr. at 76-77 (filed 1/4/02).

**2. Do the placement of limitations on plaintiff's ability to conciliate cases and the evidence provided by plaintiff give rise to an inference that it is more likely than not that such conduct was based on discriminatory criterion?**

Defendant has presented evidence that the team to which plaintiff was assigned investigated charges of discrimination that were of special interest to the EEOC either because they had potential as litigation vehicles or for other reasons. In that context, all of the investigators on plaintiff's team, without regard to sex or race, were told to focus their efforts on investigation, rather than on resolution and/or quick settlement. Plaintiff has not offered any evidence to refute his supervisor's testimony and, in fact, fails to mention this claim in his

opposition papers.

**3. Did defendant decrease plaintiff's flexiplace hours, scrutinize his work to a harassing extent, and preclude him from conciliating cases in order to punish plaintiff for protected activity?**

To establish a *prima facie* case of retaliation, plaintiff must show that (i) he engaged in protected activity, (ii) he suffered an adverse employment action, and (iii) there is a causal link between the two. Wallis, 26 F.3d at 891. As discussed above, plaintiff has failed to present any evidence from which the fact-finder could conclude that defendant treated plaintiff differently from other employees with regards to the reduction in the number of days he could work at home and/or the team-wide focus on investigation rather than conciliation. Nor has plaintiff provided evidence in support of his allegation that his supervisors scrutinized his work to a harassing extent. Plaintiff is apparently relying on the fact that one of his supervisors expected him to work to his "full potential." In the absence of some evidence that plaintiff was treated differently from his co-workers, the fact that an employer expects its employees to work to their full potential cannot be considered an "adverse employment action."

Plaintiff's retaliation claim rests primarily on vague assertions that he has been evaluated more harshly than he believes he should have been. For example, plaintiff argues that his November 1997 evaluation of "proficient" was in retaliation for an August 1997 complaint of discrimination against one of his supervisors. Not only are all claims arising from the 1997 evaluation untimely, but the 1997 evaluation is fully consistent with plaintiff's 1996 evaluation. With regards to the post-April 1999 incidents discussed in plaintiff's opposition memoranda, plaintiff appears to be most upset about statements made by supervisors in response to plaintiff's complaints of discrimination. These statements generally reflect his supervisors' beliefs that plaintiff was not working to his full potential, that he needed to be more meticulous, that his communication and conflict resolution skills could be improved, and that his productivity was

poor. Plaintiff's Opposition, Exhibits 14, 26, and 27. None of these statements impacted plaintiff's employment conditions or could otherwise be considered an "adverse employment action." In addition, similar observations and comments have been made throughout plaintiff's employment with the EEOC, including the period before plaintiff had engaged in any protected activity. Plaintiff's Opposition, Exhibits 8, 9, 25, and 29. Thus, there is no evidence of an adverse employment action or an inference of causation. Plaintiff's retaliation claim fails as a matter of law.

For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED. The only remaining claim in this litigation involves plaintiff's allegation that his supervisors repeatedly inquired about the status of his cases because of his race and/or sex. See Order Granting Plaintiff's Motion for Reconsideration (dated 6/13/02). Because plaintiff was unable to come forward with evidence supporting his similar claim of excess scrutiny/retaliation, the viability of this last remaining claim should be tested in the summary judgment context before a jury is empaneled. Defendant may, therefore, file a third motion for summary judgment regarding this last remaining claim. Such motion shall be filed no later than ten days from the date of this Order. An amended case management schedule will be issued in the near future.

DATED this 25th day of July, 2002.

Robert S. Lasnik
United States District Judge