OCT 10 2002

CV 00 00949 #00000062

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL L. WASHINGTON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IDA CASTRO, CHAIRWOMAN OF THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Defendant. | No. C00-0949L<br><br>ORDER GRANTING DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant's Third Motion for Summary Judgment and Supporting Memorandum." Although plaintiff has failed to respond to the motion, the Court has considered the merits of his last remaining claim in light of the evidence previously presented to the Court during this litigation.

Plaintiff, an investigator at the Seattle, Washington District Office of the Equal Employment Opportunity Commission, asserts that his supervisor, Judith Cotner, treated him differently because of his race by repeatedly inquiring about the status of his cases whenever he worked from home. The Court initially granted summary judgment on this claim because plaintiff had failed to produce any evidence from which a reasonable fact finder could conclude that such oversight was racially based or that Cotner did not make similar inquiries of her non-black subordinates. Plaintiff subsequently produced documents which the Court believed could,

ORDER GRANTING DEFENDANT'S THIRD
MOTION FOR SUMMARY JUDGMENT



if left unexplained, gives rise to an inference that it was more likely than not that Cotner's actions were "based on a discriminatory criterion illegal under the Act." Furnco Constr. Corp. v. Waters, 438 U.S. 567, 575 (1978) (quoting International Bhd. of Teamsters v. United States, 431 U.S. 324, 358 (1977)). Summary judgment on that claim was therefore vacated.

Since the Court's reinstatement of plaintiff's "excess scrutiny" claim, there has been a significant shift in the Ninth Circuit's Title VII jurisprudence. Until very recently, a Title VII plaintiff could establish a *prima facie* case of discrimination by offering evidence which "gives rise to an inference of unlawful discrimination," thereby creating a presumption which the employer had to rebut in order to avoid liability. See, e.g., Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994). Raising an inference of discrimination is apparently no longer enough to shift the burden of production to the employer, however. In Vasquez v. County of Los Angeles, ___ F.3d ___, 2002 WL 31157709 (9th Cir., Sept. 30, 2002), the Ninth Circuit added a second element to the *prima facie* analysis: in addition to offering evidence that could, if left unexplained, support a finding that the employer discriminated based on a protected characteristic, Vasquez was required to "show that he suffered an adverse employment action." While an adverse employment action has always been part of the McDonnell Douglas *prima facie* case, the Ninth Circuit had historically taken a very broad view of what constitutes an adverse employment action, such that any material change in the conditions or terms of employment would qualify. See, e.g., Vasquez, 2002 WL 31157709 at *3. See also National R.R. Passenger Corp. v. Morgan, ___ U.S. ___, 122 S.Ct. 2061, 2074 (2002) ("although [Title VII] mentions specific employment decisions with immediate consequences, the scope of the prohibition is not limited to economic or tangible discrimination . . . and . . . it coves more than 'terms' and 'conditions' in the narrow contractual sense."). Under the old formulation, where an employer materially altered the terms and conditions of plaintiff's employment because of his or her race or sex, Title VII provided a remedy. In Chuang v. University of Cal., 225 F.3d 1115,

ORDER GRANTING DEFENDANT'S THIRD
MOTION FOR SUMMARY JUDGMENT         -2-

1126 (9th Cir. 2000), for example, the relocation of plaintiff's laboratory space was considered an adverse employment action because it "constitutes a material change in the terms and conditions of . . . employment," despite the fact that plaintiff's position and pay structure remained the same.

The new test for adverse employment action requires the Court to determine "whether a reasonable person in the same situation would view the action as disadvantageous." Vasquez, 2002 WL 31157709 at *4. Vasquez, a deputy probation officer, had been transferred out of a residential detention facility for youth and into a field position. Although his official position, pay, hours, and authority remained the same, the change altered his daily activities such that, rather than interacting with and caring for the minors in their residential facility, Vasquez spent less of his time with the kids and more on administrative tasks and contact with parents. Vasquez did not like these changes and considered the transfer adverse.

For purposes of its analysis, the Ninth Circuit did not consider whether Vasquez' transfer to a field position was based on his national origin. Even if that were assumed to be the case, the court held that, because Vasquez had failed to provide evidence "that the field assignments were objectively less desirable or disadvantageous," his disparate treatment claim was subject to dismissal for failure to show an adverse employment action. Vasquez, 2002 WL 31157709 at *4. The Ninth Circuit was clearly not persuaded by the fact of the transfer, the differences in daily activities, or Vasquez' testimony that he, personally, viewed the change in his daily activities as adverse. Rather, the court stated that the "better approach is to determine whether a reasonable person in the same situation would view the action as disadvantageous." Vasquez, 2002 WL 31157709 at *4. The court noted that other deputy probation officers had requested transfers to a field position and therefore the court assumed that because other reasonable persons did not consider the transfer to be adverse, no reasonable person could consider it that way.

ORDER GRANTING DEFENDANT'S THIRD
MOTION FOR SUMMARY JUDGMENT        -3-

Boiled down to its bare essence, Vasquez seems to stand for the proposition that changes in terms and conditions of employment, even if material and even if initiated because of the employee's race or sex, do not violate Title VII if plaintiff fails to prove that they are objectively adverse. The criteria on which the Ninth Circuit based its adversity finding include position, pay, hours, location, and authority. The court was completely unpersuaded by the type of intangibles that Vasquez urged. Thus, the fact that an employer changes an employee's daily activities and that the employee would prefer the old job over the new are insufficient to establish an adverse employment action where the job classification, pay, and promotion possibilities remain the same.

Applying Vasquez to the case at hand, the Court finds that, if the transfer to which Vasquez was subjected cannot be considered "adverse," neither can the fact that plaintiff's supervisor called him at home to inquire about the status of his cases. The Court assumes, for the reasons stated in its Order Granting Plaintiff's Motion for Reconsideration, dated June 13, 2002, that plaintiff's evidence is sufficient to give rise to an inference that Cotner repeatedly checked up on his work because he is black. Nevertheless, such inquiries did not alter plaintiff's position, pay, location, hours, authority, responsibilities, or promotion possibilities. The terms and conditions of his employment remained virtually unchanged, with the exception of having to answer the phone and confer with his supervisor more often than his co-workers. Finally, plaintiff has failed to provide any evidence that others thought such contacts were adverse (in fact, Mr. McGraw testified that he was not bothered by Cotner's phone calls).

In the alternative, the Court finds that any change in the terms and conditions of plaintiff's employment resulting from Cotner's inquiries about the status of his cases simply was not material and cannot give rise to liability under Title VII. As noted by both the majority and dissent in Vasquez, minor employment actions that an employee does not like cannot be the basis of a discrimination suit. Vasquez, 2002 WL 31157709 at *4, *11. See also Chuang, 225

ORDER GRANTING DEFENDANT'S THIRD
MOTION FOR SUMMARY JUDGMENT         -4-

F.3d at 1126 (material changes in terms and condition of a person's employment may give rise to a discrimination suit); Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996) ("not everything that makes an employee unhappy is an actionable adverse action"). Where the change in the terms and conditions of employment is immaterial, as in this case, Title VII offers no relief.

For all of the foregoing reasons, defendant's third motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

DATED this 10th day of October, 2002.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S THIRD
MOTION FOR SUMMARY JUDGMENT           -5-